UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE RIVERS, | Case No. EDCV 16-0163-KK |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Willie Lee Rivers ("Plaintiff") seeks review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Agency") denying his applications for Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income Benefits ("SSI"). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to Title 28 of the United States Code, section 636(c). For the reasons stated below, the Commissioner's decision is REVERSED and this action is REMANDED for further proceedings consistent with this Order.

## I.

## **PROCEDURAL HISTORY**

On June 28, 2012, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of March 22, 2008. Administrative Record ("AR") at 143-52.

Plaintiff's applications were denied initially on December 17, 2012 and upon reconsideration on June 26, 2013. Id. at 91-95, 99-104. On July 22, 2013, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Id. at 105-06. On April 28, 2014, Plaintiff appeared with counsel and testified at a hearing before the assigned ALJ. Id. at 25-48. A vocational expert ("VE") also testified at the hearing. Id. at 43-47. On August 20, 2014, the ALJ issued a decision denying Plaintiff's applications for DIB and SSI. Id. at 11-21.

On September 4, 2014, Plaintiff filed a request to the Agency's Appeals Council to review the ALJ's decision. Id. at 5-7. On December 1, 2015, the Appeals Council denied Plaintiff's request for review. Id. at 1-4.

On January 28, 2016, Plaintiff filed the instant action. ECF Docket No. ("Dkt.") 1, Compl. This matter is before the Court on the Parties' Joint Stipulation ("JS"), filed November 22, 2016. Dkt. 22, JS.

## II.

## **PLAINTIFF'S BACKGROUND**

Plaintiff was born on October 22, 1963, and his alleged disability onset date is March 22, 2008. AR at 143-152. He was forty-four years old on the alleged disability onset date and fifty years old at the time of the hearing before the ALJ. Id. Plaintiff has a high school education and prior work experience as a heavy truck driver. Id. at 165-71. Plaintiff alleges disability based on Type 1 diabetes, neuropathy, arthritis in right foot, and cataract in right eye. Id.

## III.

## **STANDARD FOR EVALUATING DISABILITY**

To qualify for DIB and SSI, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity, and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998). The impairment must render the claimant incapable of performing

2

the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

To decide if a claimant is disabled, and therefore entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

1. Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
2. Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.
3. Does the claimant's impairment meet or equal one of the specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.[1]
4. Is the claimant capable of performing work he has done in the past? If so, the claimant is found not disabled. If not, proceed to step five.
5. Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

See Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that

---

[1] "Between steps three and four, the ALJ must, as an intermediate step, assess the claimant's [residual functional capacity]," or ability to work after accounting for his verifiable impairments. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222-23 (9th Cir. 2009) (citing 20 C.F.R. § 416.920(e)). In determining a claimant's residual functional capacity, an ALJ must consider all relevant evidence in the record. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## IV.
## THE ALJ'S DECISION

**A.  STEP ONE**

At step one, the ALJ found Plaintiff "has not engaged in substantial gainful activity since March 22, 2008, the alleged onset date" of disability. AR at 13.

**B.  STEP TWO**

At step two, the ALJ found Plaintiff "ha[d] the following severe impairments: disorder of the right shoulder, dysfunction of the right ankle, and obesity." Id.

**C.  STEP THREE**

At step three, the ALJ found Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Id. at 14.

**D.  RFC DETERMINATION**

The ALJ found Plaintiff had the following RFC "to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c), except [Plaintiff] is limited to frequent right upper extremity above-the-shoulder work." Id. at 15.

**E.  STEP FOUR**

At step four, the ALJ found Plaintiff "is unable to perform any past relevant work." Id. at 19.

**F.   STEP FIVE**

At step five, the ALJ found "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." Id.

Thus, Plaintiff "has not been under a disability, as defined in the Social Security Act, since March 22, 2008, through the date of this decision." Id. at 20.

## V.
## PLAINTIFF'S CLAIM

Plaintiff presents two disputed issues: (1) whether the ALJ's RFC determination was supported by substantial evidence; and (2) whether the ALJ properly considered Plaintiff's subjective statements in assessing his credibility.

The Court finds the first issue dispositive of this matter and thus declines to address the remaining issue. See Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [Plaintiff's] alternative ground for remand.").

## VI.
## STANDARD OF REVIEW

Pursuant to Title 42 of the United States Code, section 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).

"Substantial evidence" is evidence that a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick, 157 F.3d at 720 (citation omitted); see also Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) (stating that a reviewing court "may not affirm simply by isolating a 'specific quantum of supporting evidence'") (citation omitted). "If the

evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

The Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). If the ALJ erred, the error may only be considered harmless if it is "clear from the record" that the error was "inconsequential to the ultimate nondisability determination." Robbins, 466 F.3d at 885 (citation omitted).

## VII.

## DISCUSSION

## THE ALJ'S RFC DETERMINATION WAS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff argues the ALJ erred when he determined Plaintiff had the residual functional capacity to perform medium work with limitations to frequent right upper extremity above-the-shoulder work because this conclusion was not supported by substantial medical evidence. JS at 4. To support his claim, Plaintiff makes three arguments: (1) the ALJ failed to consider limitations resulting from Plaintiff's diabetes mellitus; (2) the ALJ's "right upper extremity limitation" is not supported by any medical evidence; and (3) the ALJ failed to consider the effect of Plaintiff's varicose veins. Id. at 4-6.

The Court first finds the ALJ properly considered limitations resulting from Plaintiff's diabetes because the medical record supported his conclusion that Plaintiff's diabetic symptoms could be controlled provided Plaintiff "adhere[d] to recommended medical management and medication compliance." Id. at 14, 395;

see Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."). However, as discussed below, the Court finds the ALJ's RFC determination was not supported by substantial evidence because: (1) the ALJ did not sufficiently develop the record in considering Plaintiff's right shoulder limitation; and (2) the ALJ failed to consider the effect Plaintiff's varicose veins had on his ability to stand and walk.

A.   **PLAINTIFF'S RIGHT SHOULDER LIMITATIONS**

"In social security cases, the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry." Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (citing Smolen, 80 F.3d at 1288) (quotation marks omitted). Still, "[a] specific finding of ambiguity or inadequacy of the record is not necessary to trigger this duty to inquire, where the record establishes ambiguity or inadequacy." McLeod v. Astrue, 640 F.3d 881, 885 (9th Cir. 2010). "When the ALJ's duty is triggered by inadequate or ambiguous medical evidence, the ALJ has an obligation to obtain additional medical reports or records from the claimant's treating physicians." Held v. Colvin, 82 F. Supp. 3d 1033, 1040 (N.D. Cal. 2015).

Here, the ALJ failed to sufficiently develop the record by not seeking medical records from Plaintiff's treating orthopedist following his September 2013 supraspinatus tear diagnosis. As of March 4, 2014, Dr. David Lanum, a doctor of family medicine and Plaintiff's treating physician, notes Plaintiff "is having no improvement in pain or functionality of the shoulder," and that the "[s]uraspinatus tear of the right shoulder [is] not improving with current measures." AR at 352, 480-81. According to Dr. Lanum's records, following

1  Plaintiff's September 2013 diagnosis, Plaintiff was seeing an orthopedist and
2  receiving steroid injections and physical therapy to help address significant pain
3  caused by his shoulder injury. Id. at 473, 480, 487. However, while Dr. Lanum's
4  reports indicate Plaintiff was receiving ongoing treatment from an orthopedist for
5  his shoulder pain, they also note that Dr. Lanum is "unable to see any orthopedic
6  notes" from Plaintiff's visits. Id. at 480, 481. For example, on March 4, 2014, Dr.
7  Lanum writes he "is unable to visualize any orthopedic notes as there are none that
8  have been scanned from [Plaintiff's] appointment on 11/26/13." Id. at 481.
9  Additionally, on March 25, 2014, Dr. Lanum writes he is "still awaiting evaluation
10 by Orthopedics Consult." Id. at 484. Lastly, on May 12, 2014, which is the most
11 recent record in the AR, Dr. Lanum notes, "Orthopedics is having [Plaintiff] on a
12 physical therapy regimen," but he does not include any further detail on Plaintiff's
13 prognosis. Id. at 487.
14     Despite references to a treating orthopedist, the AR does not appear to have
15 any record of medical reports from this doctor. While the ALJ references medical
16 records which "displayed normal range of motion and strength in the claimant's
17 right upper extremity," he comes to this conclusion without having reviewed the
18 most updated notes from Plaintiff's treating orthopedist. See id. at 17. The Court
19 recognizes the AR contains an evaluation conducted by referring orthopedist, Dr.
20 Vicente Bernabe, who documents a full range of motion in Plaintiff's right
21 shoulder. Id. at 236. However, Dr. Bernabe's evaluation was conducted on
22 December 11, 2012, *prior* to Plaintiff's supraspinatus tear and hypertrophy
23 diagnosis. Id.
24     Due to the fact that Plaintiff's most recent medical records from his treating
25 physician, Dr. Lanum, reference a treating orthopedist whose notes were not
26 included in the AR, in addition to the fact that Dr. Lanum clearly indicates he was
27 unable to review the orthopedist's notes, the ALJ's duty to "make reasonable
28 efforts to address and develop issues raised by the medical evidence" should have

been triggered. Held v. Colvin, 82 F. Supp. 3d 1033, 1040 (N.D. Cal. 2015) (holding that the inadequacy of certain medical reports triggered the ALJ's duty to conduct an appropriate inquiry). The Court recognizes the ALJ did make an effort to develop the record by leaving it open after the April 28, 2014 hearing so that Plaintiff could provide updated documents from Plaintiff's treating clinic. AR at 29. However, in light of the ALJ's affirmative duties to develop the record and the clear references to treatment from an orthopedist following Plaintiff's September 2013 diagnosis in the AR, the ALJ failed to satisfy his duty to conduct a full and fair inquiry. Thus, because the ALJ based his RFC determination on an incomplete medical record, the Court cannot find that his determination regarding Plaintiff's shoulder limitations was based on substantial evidence.

### B. PLAINTIFF'S VARICOSE VEINS

As to Plaintiff's argument regarding the ALJ's failure to consider his varicose veins, the Court finds the ALJ's failure to consider this medical issue also resulted in an incomplete RFC determination. At the hearing, Plaintiff's attorney described Plaintiff's "venous insufficiency" as causing swelling in Plaintiff's legs, making it difficult for Plaintiff to walk. Id. at 30, 37. The Court recognizes that, despite various treating physicians who have diagnosed Plaintiff as having varicose veins, the medical record does not indicate whether Plaintiff's varicose veins caused Plaintiff any physical limitations. See id. at 215, 261, 266, 269, 295, 348. Nevertheless, an ALJ's failure to give "specific, clear, and convincing reasons" to reject Plaintiff's claims regarding his varicose veins and the effect they have on his ability to walk precludes the Court from conducting a meaningful review of the ALJ's reasoning. See Brown-Hunter, 806 F.3d at 489. Thus, because the ALJ did not consider the effect Plaintiff's varicose veins may have had in combination with all of Plaintiff's other ailments, the ALJ's RFC determination was erroneous.

///

///

# VIII.
# **RELIEF**

## A.  APPLICABLE LAW

"When an ALJ's denial of benefits is not supported by the record, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Hill, 698 F.3d at 1162 (citation omitted). "We may exercise our discretion and direct an award of benefits where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed." Id. (citation omitted). "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated." Id. (citations omitted); see also Reddick, 157 F.3d at 729 ("We do not remand this case for further proceedings because it is clear from the administrative record that Claimant is entitled to benefits.").

## B.  ANALYSIS

In this case, the record has not been fully developed. The ALJ must reconsider Plaintiff's RFC determination by (1) reassessing Plaintiff's statements regarding his shoulder pain in light of all of his current and updated medical records; and (2) considering the impact of Plaintiff's varicose veins. Accordingly, remand for further proceedings is appropriate.

///
///
///
///
///
///
///

## IX.
## **CONCLUSION**

For the foregoing reasons, IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this action for further proceedings consistent with this Order. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

Dated: December 19, 2016

HONORABLE KENLY KIYA KATO
United States Magistrate Judge